T.C. Memo. 2014-230

UNITED STATES TAX COURT

EDWARD M. REISNER AND MANDA K. WEINTRAUB, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18426-09.                          Filed November 6, 2014.

In 2004 Ps granted to a qualified organization a facade easement
on a townhouse they owned.  With respect to that donation they
claimed a charitable contribution deduction for 2004 and carryover
charitable contribution deductions for 2005 and 2006.  R disallowed the
deductions because he determined the easement was valueless.  R also
determined that Ps were liable for a gross valuation misstatement
penalty pursuant to I.R.C. sec. 6662(h) on the underpayment
attributable to the easement overvaluation for each year.

Ps and R now agree that the easement Ps contributed to the
qualified  organization was valueless.  They further agree that Ps had
underpayments attributable to gross valuation misstatements on their
2004, 2005, and 2006 returns attributable to the easement overvaluation
but that Ps are not liable for penalties under I.R.C. sec. 6662(h) for
2004 and 2005 because Ps had reasonable cause for those
underpayments.  R claims that 2006 amendments to I.R.C. sec. 6664(c)
preclude Ps from raising a reasonable cause defense to the penalty for
their 2006 underpayment attributable to the carryover of the charitable

[*2] contribution deduction.  Ps argue that the reasonable cause exception is available to them because Congress did not intend to eliminate it for underpayments resulting from carryover deductions arising in years before the statute was amended.

Held:  Because their 2006 return was filed after the effective date of 2006 amendments to I.R.C. sec. 6664(c)(3), Ps are precluded under that section from raising a reasonable cause defense to imposition of the gross valuation misstatement penalty for the underpayment on their 2006 return attributable to the carryover of their charitable contribution deduction.

Edward M. Reisner and Manda K. Weintraub, pro sese.

James P.A. Caligure and Marc L. Caine, for respondent.

MEMORANDUM OPINION

GALE, Judge:  The sole issue for decision in this case is whether petitioners are liable for a gross valuation misstatement penalty of $3,300 for taxable year 2006.  See sec. 6662(h).[1]  As explained below, we hold that petitioners are liable for the penalty.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as in effect for the years at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                     Background

This case was submitted fully stipulated under Rule 122.  The stipulated

facts are incorporated herein by this reference.  Petitioners resided in New York

when the petition was filed.

In 2004 petitioners entered into a preservation restriction agreement with the

National Architectural Trust (NAT) pursuant to which they granted to NAT a

facade easement on their townhouse in Brooklyn, New York.[2]

On their joint 2004 Federal income tax return petitioners reported a

$190,000 noncash charitable contribution for their donation of the facade

easement.  See sec. 170(h).  Because of the limitations imposed by section 170(b),

petitioners claimed with respect to the donation a charitable contribution deduction

of $80,600 for 2004 and carryover charitable contribution deductions of $85,572

and $23,828 on their joint returns for 2005 and 2006, respectively.  Petitioners'

2006 return was filed on April 16, 2007.

Respondent issued a notice of deficiency to petitioners which disallowed the

foregoing charitable contribution deductions and determined gross valuation

---

[2]NAT is tax exempt under sec. 501(c)(3) and a "qualified organization"
under sec. 170(h)(3).  See 1982 East, LLC v. Commissioner, T.C. Memo. 2011-84.

[*4] misstatement penalties for 2004, 2005, and 2006 of $9,820, $10,101, and $3,300, respectively.[3] See sec. 6662(h). Petitioners timely petitioned for redetermination.

The parties have stipulated that the facade easement petitioners donated to NAT in taxable year 2004 had zero value and that the notice of deficiency properly disallowed the charitable contribution deductions petitioners claimed with respect thereto. They have further stipulated that petitioners made gross valuation misstatements on their 2004, 2005, and 2006 returns as a result of overvaluing the facade easement. See sec. 6662(h)(2)(A). The parties agree that petitioners are not liable for the gross valuation misstatement penalty for either 2004 or 2005 because they satisfied the reasonable cause exception of section 6664(c)(1) and (2), as in effect before the enactment of the Pension Protection Act of 2006 (PPA), Pub. L. No. 109-280, 120 Stat. 780.[4] The parties dispute only whether petitioners are liable for the gross valuation misstatement penalty for 2006.

---

[3]Alternatively, the notice of deficiency determined a penalty under sec. 6662(a) for each year.

[4]The parties also stipulated that petitioners are not liable for penalties under sec. 6662(a) for any of the years at issue because they had reasonable cause with respect to the underpayments attributable to the deductions for the facade easement donation. See sec. 6664(c)(1).

**[\*5]**                                                    Discussion

Section 6662(h)(1) imposes a 40% penalty on the portion of an underpayment of tax that is attributable to a gross valuation misstatement. For returns filed after August 17, 2006, a gross valuation misstatement exists if the value of any property claimed on the return is 200% or more of the amount determined to be the correct value.[5] Sec. 6662(h)(2)(A)(i); PPA sec. 1219(a)(2)(A), (e)(1), 120 Stat. at 1083, 1085. The penalty "applies to any portion of an underpayment for a year to which a * * * deduction * * * is carried that is attributable to a * * * gross valuation misstatement for the year in which the carryback or carryover of the * * * deduction * * * arises". Sec. 1.6662-5(c)(1), Income Tax Regs.

Section 6664(c)(1) provides that, generally, no penalty shall be imposed under section 6662 with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion (hereafter, reasonable cause exception). Section 6664 has also, both before and after its amendment by the PPA, limited the availability of the reasonable cause exception in the case of any underpayment attributable to a substantial or gross valuation overstatement with respect to

_____

[5]For returns filed on or before August 17, 2006, a gross valuation misstatement existed if the claimed value was 400% or more of the correct value.

**[\*6]** "charitable deduction property".[6]  Before its amendment by the PPA, then-

section 6664(c)(2) limited the availability of the reasonable cause exception for

such underpayments to circumstances where the claimed value of the property was

based on a qualified appraisal by a qualified appraiser and the taxpayer had made a

good-faith investigation of the value of the contributed property.  However, PPA

sec. 1219(a)(3), 120 Stat. at 1084, amended section 6664(c)(2)--now designated

section 6664(c)(3)[7]--by eliminating the reasonable cause exception entirely for

underpayments attributable to gross valuation overstatements of charitable

deduction property.  The statute as amended provides that "[i]n the case of any

underpayment attributable to a * * * gross valuation overstatement under chapter 1

with respect to charitable deduction property, paragraph (1) [section 6664(c)(1)]

shall not apply."  Sec. 6664(c)(3).[8]  In the case of facade easement contributions,

---

[6]"[C]haritable deduction property" is defined for this purpose generally as "any property contributed by the taxpayer in a contribution for which a deduction was claimed under section 170."  Sec. 6664(c)(4)(A).  Before amendment by the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, sec. 1409(c)(1)(A), 124 Stat. at 1069, the foregoing definition was codified as sec. 6664(c)(3)(A).

[7]Sec. 6664(c)(2) was redesignated sec. 6664(c)(3) by the Health Care and Education Reconciliation Act of 2010, sec. 1409(c)(1)(A).

[8]The qualified appraisal and good-faith investigation requirements of prior law continue to apply to underpayments attributable to substantial valuation overstatements.  See sec. 6664(c)(3)(A) and (B).

[*7] the elimination by PPA sec. 1219(a)(3) of the reasonable cause exception for underpayments attributable to gross valuation overstatements applies "to returns filed after July 25, 2006." PPA sec. 1219(e)(3), 120 Stat. at 1086.[9]

Respondent contends that the statute as amended eliminates the reasonable cause exception to the gross valuation misstatement penalty for the portion of any underpayment that is attributable to a gross valuation overstatement of charitable deduction property. Therefore, respondent argues, because petitioners filed their 2006 return after July 25, 2006, and it has been stipulated that a portion of their underpayment for that year was attributable to a gross valuation misstatement of charitable deduction property, petitioners may not assert reasonable cause to prevent imposition of the penalty. See id.; sec. 1.6662-5(c)(1), Income Tax Regs.

_____

[9]The Pension Protection Act of 2006 (PPA), Pub. L. No. 109-280, sec. 1219(e)(3), 120 Stat. at 1086, provides:

In the case of a contribution of a qualified real property interest which is a restriction with respect to the exterior of a building described in section 170(h)(4)(C)(ii) of the Internal Revenue Code of 1986, and an appraisal with respect to the contribution, the amendments made by subsections (a) [modifying the thresholds for substantial and gross valuation misstatements and eliminating the reasonable cause exception for underpayments attributable to gross valuation overstatements of charitable deduction property] and (b) [imposing the sec. 6695A penalty on substantial and gross valuation misstatements attributable to incorrect appraisals] shall apply to returns filed after July 25, 2006.

**[\*8]** Petitioners argue that imposing such strict liability on taxpayers for claiming a charitable contribution deduction for a facade easement donation that is a carryover from a year before the reasonable cause exception was eliminated is not a required construction of the statute, constitutes a retroactive imposition of a penalty on conduct that occurred before enactment of the PPA, and is contrary to congressional intent.

As for the latter claim, petitioners urge that we look at what was a comprehensive set of changes in the PPA directed at charitable contribution deductions for donations of facade easements. Petitioners note that, in addition to the revisions to the penalty regime under sections 6662 and 6664 for taxpayers making substantial or gross valuation misstatements (including both a reduction in the overvaluation percentages triggering the "substantial" and "gross" valuation misstatement labels and the elimination of the reasonable cause exception at issue here), the PPA also made amendments to section 170(h)(4) requiring, inter alia, that a contributed easement include a restriction which preserves the entire exterior of a building rather than merely its facade; that the donor and donee enter into a written agreement certifying the donee's satisfaction of certain requirements; and that a qualified appraisal, photographs of the building, and a description of the restrictions on the building's development be included with the taxpayer's return

**[\*9]** for the taxable year of the contribution.  See PPA sec. 1213(a), 120 Stat. at 1075-1076.

Petitioners note that Congress provided that the amendments to section 170(h)(4) were to apply "to contributions made after July 25, 2006."  PPA sec. 1213(e)(1), 120 Stat. at 1076 (emphasis added).  In petitioners' view, since the amendments to section 170(h)(4) were part of Congress' comprehensive scheme and were targeted at the timing of the contribution rather than the filing of a return claiming a resulting deduction, Congress intended the focus of the antiabuse measures to be on the conduct associated with making the contribution and not on the terms under which carryovers of those deductions were to be allowed.

Petitioners buttress the point by citing this Court's analysis of the penalty issues in Pollard v. Commissioner, T.C. Memo. 2013-38.  Petitioners point out that in Pollard, which like the instant case involved an easement donation made and charitable contribution deductions first claimed before enactment of the PPA but carried over into post-PPA taxable years, the Tax Court focused its reasonable cause analysis on the taxpayer's actions in the year the contribution was made without once alluding to the elimination of the reasonable cause exception for returns filed after July 25, 2006.[10]

---

[10]Petitioners also find support for their position in the original and remand
(continued...)

[*10] Petitioners' argument cannot be reconciled with the statute's clear terms. While petitioners are correct that the PPA amendments to section 170(h)(4) were made effective for "contributions made after July 25, 2006",[11] the provision eliminating the reasonable cause exception for underpayments attributable to gross valuation overstatements of easement donations in PPA sec. 1219(a)(3) (codified as section 6664(c)(3)) was made effective for "returns filed after July 25, 2006." PPA sec. 1219(e)(3). Thus, Congress clearly intended a distinction in the effective dates for the amendments to sections 170(h)(4) and 6664(c)(3)--the former applicable to contributions made after July 25, 2006, and the latter to returns filed after that date.

---

[10](...continued)
opinions in Scheidelman v. Commissioner, T.C. Memo. 2010-151, vacated, 682 F.3d 189 (2d Cir. 2012), remanded to T.C. Memo. 2013-18, aff'd, 755 F.3d 148 (2d Cir. 2014). However, that case did not involve the penalty for gross valuation misstatements or the repeal of the reasonable cause exception for underpayments attributable to gross valuation overstatements of charitable deduction property. Consequently, it is not relevant to the issue at hand.

[11]Specifically, PPA sec. 1213(e)(1), 120 Stat. at 1076, provides: "The amendments made by subsection (a) [amending paragraph 4 of Code sec. 170(h)] shall apply to contributions made after July 25, 2006." For completeness we note that the new requirement in sec. 170(h)(4)(B)(iii) that an appraisal, photographs, and a description of restrictions on development be attached to the return includes a codified effective date making it applicable "in the case of any contribution made in a taxable year beginning after the date of the enactment [August 17, 2006] of this subparagraph".

**[\*11]** The import of eliminating the reasonable cause exception for returns filed after a given date rather than for contributions made after that date lies in the operation of section 1.6662-5(c), Income Tax Regs., which governs the application of the gross valuation misstatement penalty in the case of carryovers or carrybacks of deductions attributable to gross valuation misstatements. As noted, that regulation provides that the gross valuation misstatement penalty applies to any portion of an underpayment for a year to which a deduction is carried that is attributable to a gross valuation misstatement for the year in which the carryback or carryover of the deduction arises. Thus, by its terms, the regulation characterizes the penalty-bearing portion of the underpayment in the carryover or carryback year as "attributable to" the gross valuation misstatement in the originating year. This terminology matters because the PPA's elimination of the reasonable cause exception for gross valuation overstatements[12] of charitable deduction property in section 6664(c)(3) applies "[i]n the case of any underpayment attributable to a * * * gross valuation overstatement". Since under the regulation an underpayment arising from a carried over deduction is "attributable to" the valuation misstatement in the originating year, it follows that

---

[12]We note that valuation "overstatements" are a subset of valuation "misstatements" and arise where the value of property has been overstated rather than understated.

[*12] the section 6664(c)(3) elimination of the reasonable cause exception applies to the underpayment in the carryover or carryback year, because section 6664(c)(3) eliminates the exception in the case of any underpayment "attributable to" a gross valuation overstatement.

In crafting the effective date of section 6664(c)(3), Congress is presumed to be aware of, and to adopt, any longstanding administrative interpretation of the penalty statutes when it takes no step to modify that interpretation. See Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 846 (1986); Lorillard v. Pons, 434 U.S. 575, 580-581 (1978). When Congress amended section 6664(c) in the PPA to eliminate the reasonable cause exception, section 1.6662-5(c)(1), Income Tax Regs., had been in place for nearly 15 years. The regulation was promulgated shortly after Congress enacted a wholescale revision and reorganization of the accuracy-related penalty regime of subchapter A of chapter 68 of the Internal Revenue Code in 1989, see Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, sec. 7721, 103 Stat. at 2395, and represented a deliberate policy determination that elements of the new penalty regime enacted in 1989 should apply to carryover years even when the original valuation misstatements had occurred in years before 1989, see T.D. 8381, 1992-1 C.B. 374, 378. Given Congress' presumed awareness and adoption of the position in section

**[\*13]** 1.6662-5(c)(1), Income Tax Regs., when it enacted the PPA, the drafting of the effective date for the elimination of the reasonable cause exception on the basis of returns filed after July 25, 2006, is readily interpreted as intended to cut off the exception for carryovers attributable to gross valuation overstatements first made in years before enactment of the PPA.

As to petitioners' contention that the impact is retroactive, we answered that argument in Chandler v. Commissioner, 142 T.C. __, __ (slip op. at 24-26) (May 14, 2014). As was the case with the taxpayer in Chandler, the PPA amendment eliminating the reasonable cause exception was in effect when petitioners filed their return for 2006. Petitioners thus "reaffirmed" their gross valuation overstatement when they filed the return after enactment of the PPA amendment. See id. at __ (slip op. at 25). Petitioners could have chosen not to claim the carryover for 2006 in view of the change in the statute but did not do so.

Our decision in Pollard v. Commissioner, T.C. Memo. 2013-38, does not contradict the conclusion we reach here (or our conclusion in Chandler). On brief in Pollard the Commissioner stated he would concede the gross valuation misstatement penalties for 2006 and 2007 if the taxpayer established that he satisfied the reasonable cause exception of section 6664(c)(2) for 2003, 2004, and 2005, which he did.

**[\*14]**  Because the parties' concessions on other issues give rise to computational adjustments,

Decision will be entered

under Rule 155.
